WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner’s finding that appel-lee’s diabetic condition is causally related to his compensable accident. Competent substantial evidence in the record supports the finding of causal relationship and therefore we affirm. However, one sentence of the order needs clarification.
The parties entered into a pretrial stipulation, agreeing that if appellee’s diabetic condition was found to be causally related to his industrial accident, medical bills should be submitted to the carrier for payment and an additional final hearing would be set if further controversy existed. The medical bills are neither contained in the record nor identified with particularity therein. See Florida Refrigerated Service v. Meeks, 470 So.2d 820 (Fla. 1st DCA 1985). In his order, the deputy recognized that the medical bills themselves were not at issue in this case. Nevertheless, in the decretal portion, he ordered the employer/carrier to: “2. Pay the medical bills of the claimant for treatment of his diabetic condition, or the symptoms thereof.” The briefs of the parties indicate that uncertainty exists as to the effect of that portion of the order and as to the procedures to follow in regard to payment of the medical bills. To clarify this apparent confusion, paragraph two of the order is amended to read:
2. The employer shall be responsible for and pay the medical bills of the claimant for treatment of his diabetic condition, or the symptoms thereof, upon submission of the bills to the employer/carrier by the claimant, pursuant to the terms and conditions of the pretrial stipulation.
The order is affirmed as amended.
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.